IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RORY DARNELL TAYLOR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-50-Z-BR |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Rory Darnell Taylor ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging a prison disciplinary proceeding that took place at the Neal Unit in Potter County, Texas. (ECF 3 at 1, 5). Petitioner is currently incarcerated at the Neal Unit pursuant to a conviction for possession of cocaine with intent to deliver and evading arrest, enhanced, and the resultant 40-year sentence. (*Id*. at 2; 8 at 3; 8-1). Petitioner's conviction is out of the 2nd Criminal District Court of Dallas County, Texas. (ECF 8 at 2; 8-1). The undersigned United States Magistrate Judge recommends Petitioner's application for federal habeas corpus relief be DENIED.

## I.      DISCIPLINARY CHARGE AND PROCEEDINGS

On December 21, 2017, in disciplinary case number 20180101344, Petitioner was charged with the offense of sexual misconduct under Level 2, Code 20 of the TDCJ-CID *Disciplinary Rules and Procedures for Offenders*. (*Id*. at 3; 10-2 at 3). Specifically, it was alleged that on December 13, 2017, Petitioner masturbated in public. (ECF 10-2 at 3). A Disciplinary Hearing Officer ("DHO") conducted Petitioner's disciplinary hearing on December 22, 2017. (*Id*. at 3–4). The

DHO found Petitioner guilty of the charged offense and assessed punishment that included forfeiture of 45 days previously accrued good time credit.[1] (*Id*.).

Petitioner unsuccessfully challenged this disciplinary proceeding through the prison grievance system. On January 16, 2018, relief was denied at Step 1 with the following response:

> Major disciplinary case #20180101344 has been reviewed. You were provided the opportunity to attend your hearing in order to present your defense but, were excluded during your hearing due to you becoming disruptive. The disciplinary charge is appropriate for the offense and the guilty verdict was supported by the preponderance of the evidence, as well as your failure to refute the charges. All due process requirements were satisfied and the punishment imposed by the Disciplinary Hearing Officer was within agency guidelines. No corrective action is warranted for this appeal.

(ECF 10-1 at 4). On February 20, 2018, relief was denied at Step 2 with the following response:

> A review of Disciplinary Case #20180101344 has been completed. There was sufficient evidence presented to sustain the charge and the finding of guilt. Records indicate that the hearing was conducted per policy and there were no due process or procedural errors noted. The punishment was within Agency guidelines for this offense. Documented evidence shows that due to your behavior, you were dismissed from the hearing. No further action warranted by this office.

(*Id*. at 6). Having unsuccessfully challenged the case administratively, Petitioner then filed the instant habeas petition challenging the disciplinary proceeding decision.

## II.     PETITIONER'S ALLEGATIONS

Petitioner contends that his federal constitutional rights were violated as a result of the disciplinary charge and finding of guilt because:

1.     His due process rights were violated because specific witnesses were not called at his hearing.;

2.     His due process rights were violated because he was denied the right

---

[1] Petitioner's other punishment included: (1) loss of 45 days of recreational privileges; (2) loss of 45 days of commissary privileges; and (3) loss of 45 days of offender telephone service. (ECF 10-2 at 3–4). However, these punishments constituted changes in the conditions of Petitioner's confinement and do not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

to be heard and to have a fair and impartial decision maker at the hearing.;

3.    His due process rights were violated because he was denied the right to freedom of speech.; and

4.    He was denied effective assistance of counsel substitute.

(ECF 3 at 6–7).

### III.    EXHAUSTION AND PROCEDURAL DEFAULT

Petitioner's federal habeas application is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Consequently, no relief may be granted unless either Petitioner has first exhausted the remedies available in the state courts or an exception to exhaustion exists. However, Petitioner's habeas application may be denied on the merits notwithstanding any failure to exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031–32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[2]

Consequently, an inmate challenging a prison disciplinary proceeding on constitutional grounds must exhaust his administrative remedies by following all internal dispute resolution procedures before seeking habeas corpus relief in federal court. To adequately exhaust state

---

[2] Petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988).

remedies, a claim for habeas relief must include not only reference to a specific federal constitutional guarantee but must also demonstrate the petitioner is entitled to relief; a general appeal to a constitutional guarantee as broad as due process is inadequate to present the "substance" of the claims. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). Nor is a federal claim adequately presented to the state by presenting somewhat similar claims. *Cf. Wilder v. Cockrell*, 274 F.3d 255, 259–60 (5th Cir. 2001).

Respondent argues that Petitioner's first and fourth claims are unexhausted. (ECF 8 at 2, 5–10). The undersigned, however, declines to analyze exhaustion and will proceed to the merits, as is within the undersigned's authority to do.

## IV.    STANDARD OF REVIEW

In order to prevail, Petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions that must be satisfied. 418 U.S. 539 (1974). Those are:

1.    Advance written notice of the charges;

2.    An opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and

3.    A written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

*Id*. at 563–66.

## V.    <u>MERITS</u>

As a preliminary matter, Petitioner was afforded all the due process to which he was entitled under the first and third prongs of *Wolff*. The record shows that Petitioner received written notice of the charges at approximately 1:09 pm on December 21, 2017 and signed the notice. (ECF 10-2 at 3). The record further shows the hearing took place on December 22, 2017 at 2:06 pm. (*Id.*). Therefore, Petitioner received notice in advance of the 24-hour period of preparation required under the first prong of *Wolff*. *Wolff*, 418 U.S. at 564. Additionally, the record includes a copy of the TDCJ Disciplinary Report and Hearing Record form on which the DHO noted the guilty finding and listed the reasons for the determination of guilty—the accusing officer's written report and testimony. (ECF 10-2 at 3, 5). Thus, the third prong of *Wolff* was satisfied.

### A.  **Denial of Witnesses**

By his first ground, Petitioner asserts his due process rights were violated because specific witnesses were not called at his disciplinary hearing. (ECF 3 at 6). The second prong of *Wolff* mandates an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals. *Wolff*, 418 U.S. at 563–66. The right to call witnesses at a prison disciplinary hearing is not absolute. Prison officials may deny a request when the projected testimony is irrelevant, unnecessary, or creates a hazard to institutional safety or correctional goals. In *Ponte v. Real*, the Supreme Court remarked that the discretion of prison officials was so broad that "it may be that a constitutional challenge to a disciplinary hearing [based upon an inmate's right to call witnesses]...will rarely, if ever, be successful." 471 U.S. 491, 499 (1985).

Petitioner claims he wished to call as witnesses "C.O.V, Prosser, Jessie, and maintenance staff supervisors, Mr. Martinez, Lorenzo, Mr. Ecker, Douglas, and Mr. Askins, Calvin." (ECF 3 at

6). Petitioner argues that the witnesses' testimony would have shown Petitioner did not intentionally open the shower door, but rather the shower door was broken and inadvertently opened when Petitioner bumped into it. (*Id*. at 6, 11). At the hearing, Petitioner stated he wished to call Lorenzo Martinez ("Martinez") because Martinez fixed the shower door at issue the morning of the hearing, December 22, 2017. (ECF 10, Disciplinary Hearing Audio ("DHA")).[3]

The DHO denied Petitioner's request and found Martinez's testimony irrelevant because the alleged "maintenance problem" with the shower door was "post incident."[4] (ECF 10-2 at 3–4). A maintenance clerk's December 22, 2017 witness statement that "[t]here was no work order for that shower door" supports the DHO's conclusion that any maintenance problem with the shower door arose after the December 13, 2017 incident at issue. (*Id*. at 9). The DHO was within her discretion to deny Petitioner's request to call Martinez as a witness. Because Petitioner sought to offer Prosser, Ecker, and Askins' testimony for the same purpose, showing the shower door was broken (ECF 3 at 6), the undersigned reaches the same conclusion as to Prosser, Ecker, and Askins.

Additionally, the undersigned finds that even if the DHO erred in not allowing Petitioner to call the witnesses at issue, Petitioner is not entitled to relief on this claim because he has not shown he was prejudiced by any such error. *See Najjar v. Yusuff*, 81 F. App'x 815, 816 (5th Cir. 2003) (finding that even if a hearing officer errs in not calling witnesses, a petitioner is not entitled to habeas relief on that basis unless he was prejudiced by the error.). Specifically, Petitioner has

---

[3] Though Respondent's brief indicates Petitioner also attempted to call Jessie Prosser ("Prosser") as a witness at the hearing, the undersigned cannot definitively find Petitioner attempted to call Prosser based on its review of the DHA. Nor can the undersigned conclude Petitioner attempted to call the other witnesses mentioned in the Petition—Douglas Ecker ("Ecker") and Calvin Askins ("Askins"). (*See* ECF 3 at 6). The undersigned also notes the Service Investigation Work Sheet reflects Petitioner did not request any witnesses. (ECF 10-2 at 7). However, even assuming Petitioner attempted to call Prosser, Ecker, or Askins at the hearing, Petitioner's claim fails.

[4] Though the DHO wrote, "denied witness Mr. Martinez – (Maint) not irrelevant to the incident," the inclusion of the word "not" appears to be a typo.

not shown that testimony that the shower door was broken at the time of the incident at issue would change the result of the proceeding. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Petitioner's first claim should be denied.

### B. Unfair and Partial Hearing

By his second ground, Petitioner asserts his due process rights were violated because he was denied the right to be heard and to have a fair and impartial decision maker at the hearing. (ECF 3 at 6). Specifically, Petitioner contends the DHO did not allow Petitioner to present his defense, interrupted Petitioner, threatened to dismiss Petitioner from the hearing, was not impartial, and did not allow Petitioner to call the requested witnesses.

Petitioner presents nothing to substantiate or support his conclusory allegation that the DHO was unduly biased or had preconceived opinions. *Taylor v. Davis*, No. 2:17-CV-147-D, 2018 WL 4492935, at *3 (N.D. Tex. Aug. 17, 2018), *adopted by* No. 2:17-CV-147-D, 2018 WL 4488766 (N.D. Tex. Sept. 19, 2018). Conclusory allegations do not raise a constitutional issue for habeas review and should be summarily dismissed. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner's second claim should be denied.

### C. Exclusion from Hearing

By his third ground, Petitioner claims he suffered a "14th Amendment violation to the 1st Amendment." (ECF 3 at 7). Specifically, Petitioner argues he was denied freedom of speech because the DHO interrupted him during the hearing and ultimately excluded him from the hearing for disruptive behavior. (*Id*). The record reflects Petitioner was removed from the hearing for being disruptive. (ECF 10-2 at 3–4; 11).

An inmate does not have an "absolute" right to attend a disciplinary hearing. *Moody v. Miller*, 864 F.2d 1178, 1180–81 (5th Cir. 1989). Further, an inmate's disruptive, aggressive, or disrespectful behavior can lead to his exclusion from a disciplinary hearing. *See Opio v. Jan.*, 162 F.3d 93, 1998 WL 770693 (5th Cir. 1998) ("[Petitioner's] claim that he was not permitted to attend his disciplinary hearing is unavailing because he has not demonstrated that prison officials were obligated to permit him to attend the hearing in light of his disruptive behavior."); *Cunningham v. Davis*, No. 2:17-CV-62-D-BR, 2019 WL 367838, at \*4–5 (N.D. Tex. Jan. 23, 2019), *adopted by* No. 2:17-CV-062-D, 2019 WL 366263 (N.D. Tex. Jan. 30, 2019) (Petitioner was dismissed and excluded from earlier-held disciplinary hearing due to disruptive and argumentative behavior and excluded from later-held disciplinary hearing based on the same); *Holleman v. Dir., TDCJ-CID*, No. 1:12-CV-288, 2015 WL 5521993, at \*3–4 (E.D. Tex. Sept. 17, 2015) (Petitioner "was excluded from the disciplinary hearing for acting in an aggressive and disruptive manner and for refusing to obey an order."); *Sylvester v. Dir., TDCJ-CID*, No. CIV. A. 6:08CV473, 2009 WL 973090, at \*5 (E.D. Tex. Apr. 9, 2009) (Petitioner removed from hearing for repeatedly refusing to state his name or cooperate during proceeding); *Potts v. Dir., TDCJ-CID*, No. 9:07CV200, 2008 WL 4155419, at \*3 (E.D. Tex. Sept. 4, 2008) (Petitioner removed from hearing for refusing to address prison officials respectfully).

Despite being removed from the hearing, the DHA and the record reflect Petitioner's due process rights were respected because he was given the opportunity to present evidence and call witnesses. *Cunningham*, No. 2:17-CV-62-D-BR, 2019 WL 367838, at \*4. Petitioner was also provided with a copy of the Disciplinary Report and Hearing Record, which provides a written explanation of the evidence relied on and the reasons for the disciplinary action taken. (ECF 10-2

at 3–4, 10); *Cunningham*, No. 2:17-CV-62-D-BR, 2019 WL 367838, at *4. Petitioner's third claim should be denied.

### D. Ineffective Assistance of Counsel Substitute

By his fourth ground, Petitioner asserts he was denied effective assistance of counsel substitute for multiple reasons. (ECF 3 at 7). The United States Supreme Court has held "inmates do not 'have a right to either retained or appointed counsel in disciplinary hearings.'" *Baxter v. Palmigiano,* 425 U.S. 308, 315 (1976) (citing *Wolff,* 418 U.S. at 570). Under *Baxter*, Petitioner may not complain about the inadequacy of his counsel substitute at the disciplinary hearing, as he was not entitled to representation. Because Petitioner did not have a right to either appointed or retained counsel at his prison disciplinary hearing, there was no constitutional violation on which habeas relief can be granted based on ineffective assistance of counsel substitute. *See Enriquez v. Mitchell,* 533 F.2d 275, 276 (5th Cir. 1976). Petitioner's fourth claim should be denied.

## VI.    RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner be DENIED.

## VII.    INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 30, 2020.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).